UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-92-KKC-EBA

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                              **PLEA AGREEMENT**

JABARI CORTEZ ANDREWS,
   aka FRANK                                                               DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute oxycodone. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 through 7.

2. The essential elements of Count 1 are:

   (a) First, that two or more persons conspired, or agreed, to knowingly or intentionally distribute a mixture or substance containing a detectable amount of oxycodone; and

   (b) Second, that the Defendant knowingly and voluntarily joined the conspiracy.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits that these facts are true:

   (a) Between approximately December 2023 and December 2024, in Madison County, in the Eastern District of Kentucky, and elsewhere, the Defendant knowingly and intentionally conspired and agreed with others to distribute

1

oxycodone, a Schedule II controlled substance. The Defendant primarily engaged in his conspiracy and distribution activities at a residence on Mallory Court in Richmond, KY. On the following dates, the Defendant sold oxycodone to a confidential informant: May 8, 2024, May 21, 2024, July 2, 2024, July 16, 2024, August 22, 2024, and September 5, 2024. The total weight of oxycodone sold on those dates is 309 oxycodone 30 mg pills, for a total of 9,270 mg.

(b) Before the Defendant committed the instant offense, he had a prior final conviction for a felony drug offense, delivering / manufacturing a controlled substance in violation of Mich. Comp. Laws § 333.7401(2)(a)(iii), from the Michigan 38th Circuit Court, case no. 08-037164-FH, in 2009.

4. The statutory punishment for Count 1 is imprisonment for not more than 30 years, a fine of not more than $2,000,000, and a term of supervised release of not less than 6 years. A mandatory special assessment of $100 applies, which the Defendant will pay to the U.S. District Court Clerk at the time of the entry of the plea. The Defendant has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment. [R. 11: Section 851 Information.]

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court:

   (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

   (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 3 and all provided discovery materials.

   (c) The parties have been unable to agree on a base offense level under U.S.S.G. § 2D1.1(a) and fully reserve all arguments related to the base offense level and drug quantity calculation.

(d) The United States anticipates arguing for an enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing a controlled substance, and the Defendant reserves the right to object.

(e) The United States anticipates arguing that the Defendant qualifies as a career offender under U.S.S.G. § 4B1.1, and the Defendant reserves the right to object to the career offender designation.

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 1/23/26      By: *[signature]*
James T. Chapman
Assistant United States Attorney

Date: 1-23-26      *[signature]*
Jabari Cortez Andrews
Defendant

Date: 1-23-26      *[signature]*
Pamela D. Perlman
Attorney for Defendant

4